# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br><br>APPROXIMATELY $28,766 US CURRENCY,<br><br>                              Defendant. | Case No. 19-CV-140-JPS<br><br>**ORDER** |

On April 24, 2019, the United States filed a motion to stay this civil forfeiture action pending resolution of a related criminal prosecution of Rondell C. Ray ("Ray"). (Docket #12). Ray has filed a claim to the defendant property in this action. (Docket #11).

The government explains that on February 20, 2019, a federal grand jury sitting in the Eastern District of Wisconsin returned an indictment charging Ray with possession with intent to deliver Oxycodone, Hydrocodone, MDMA (also known as ecstasy), and heroin, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking offense. *See United States of America v. Rondell C. Ray*, Case No. 19-CR-35-1-PP, Docket #1 (E.D. Wis.). The indictment contains a forfeiture notice that certain property, including the defendant property in this civil forfeiture case, is subject to forfeiture in the criminal case under 21 U.S.C. § 853. *Id.* at 4. The government asks that this Court stay this civil forfeiture case until the related criminal case is resolved because permitting the parties to proceed with civil discovery would adversely affect the government's ability to prosecute the related criminal case. (Docket #12 at

2–5). The government also notes that staying this case would conserve judicial resources, because the outcome of the criminal proceeding will materially advance, and might moot, this civil forfeiture matter. *Id.* at 4.

Ray has not meaningfully responded to the government's motion to stay. Instead, on April 26, 2019, Ray filed a *pro se* motion for an extension of time to file "a motion." (Docket #15). He does not indicate what type of motion he intends to file. *Id.* The Court will not venture a guess; the motion for an extension of time will be denied. Finding good cause under 18 U.S.C. § 981(g), the Court will grant the government's motion to stay this civil forfeiture action until the related criminal case, Case No. 19-CR-35-1-PP (E.D. Wis.), is resolved. At that time, if this civil forfeiture action is not mooted, Ray will have another opportunity to file a motion related to his claim for the defendant property.

Finally, on April 25, 2019, a person identified as Joyce M. Ray ("Ms. Ray") filed a motion purportedly on Ray's behalf seeking the return of the defendant property as well as other property items that are not involved in this case: Ray's "personal papers, wallet, social security card, driver's license, cellular phone, laptop, bank statements, business tax ID paperwork, contact information of suppliers, [and] all his books that he was writing." (Docket #14). The government responded to Ms. Joyce's motion with a motion of its own, asking that the Court strike Ms. Joyce's motion because it was filed by a non-lawyer. (Docket #16).

Ms. Ray does not claim to be an attorney, and her motion does not include a bar number. Her motion is, therefore, of no legal significance in this action. *See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); Fed. R. Civ. P. 11(a) (requiring that every motion be signed by an attorney or a party proceeding

*pro se*); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). The Court will, therefore, grant the government's motion to strike Ms. Joyce's motion.

Accordingly,

**IT IS ORDERED** that the United States of America's motion to strike (Docket #16) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the motion for return of property filed by Joyce M. Ray (Docket #14) be and the same is hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that Rondell C. Ray's motion for an extension of time (Docket #15) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the United States of America's motion to stay (Docket #12) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED** until further order of the Court. The government shall notify this Court in writing when Case No. 19-CR-35-1-PP (E.D. Wis.) has been resolved.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge